IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHOENIX TECHNOLOGIES
INTERNATIONAL, LLC,
                      Plaintiff,                  Case No. 3:09 CV 1201
    -vs-
                                                      <u>MEMORANDUM   OPINION</u>
KRONES AG, et al.,

                      Defendant.
KATZ, J.

       In this action, the Plaintiff, Phoenix Technologies International, Inc., brings claims for patent infringement, breach of contract, misappropriation of trade secrets, and deceptive trade practices. Now before the Court is the motion of the Defendants, Krones AG and Dr. Thomas Friedlaender, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 25). The motion will be granted in part and denied in part.

       In its response brief, Plaintiff concedes that its patent infringement claim is premature because the Complaint alleges only that Krones "offered to sell" products that infringed Phoenix's patent. See *Embrex, Inc. v. Serv. Eng'g Corp.*, 216 F.3d 1343, 1349 (Fed. Cir. 2000) ("[A] mere offer to sell a machine [that could possibly practice the method] cannot serve as the sole basis for finding infringement of the claimed method."). Thus, this claim is dismissed without prejudice.

       The Defendants contend that the remaining claims in the Complaint must be dismissed because they "lack sufficient detail to survive a motion to dismiss." Defendants ground their argument on the Supreme Court's decisions in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which, according to them, "changed the law." Careful analysis of these opinions shows, however, that these opinions did not change the substantive law or the nature of the district court's essential inquiry at the pleading stage.

Confusion on this point is perfectly understandable, because members of the legal community "often rely on [the Court's] bottom-line holdings far more than [its] precise legal arguments," *Citizens United v. Federal Election Com'n*, 130 S.Ct. 876, 939 (2010) (Stevens, J., dissenting), and *Twombly* clearly did overrule the standard for dismissal contained in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). But the Court did so because it found the *Conley* standard to be inconsistent with Fed. R. Civ. P. 8, see *Twombly*, 550 U.S. at 560-563, not because it intended to overturn the long-established notice pleading standard. See *id.* at 570 ( "[W]e do not require heightened fact pleading of specifics"). This is indicated also by the citation in *Twombly*, 550 U.S. at 560, of the statement in *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, that "[a]t [the pleading] stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." 40 F.3d 247, 251 (7th Cir. 1994). In the very next sentence, *Sanjuan* went on to reaffirm that "[m]atching facts against legal elements" is not an appropriate task at the pleading stage. *Id*. In other words, the factual allegations need not be so detailed as to permit an exhaustive legal analysis of the underlying claims. This point was made again in *Erickson v. Pardus*, where the Court held that a complaint may not be dismissed on the ground that its factual allegations are "too conclusory" to indicate the claim's legal merit. 551 U.S. 89, 94 (2007) (per curiam).

In sum, the *Twombly* standard varies from the *Conley* standard only in two ways. First, the complaint must contain "more than labels and conclusions" without any factual support, *Twombly*, 550 U.S. at 555; second, the facts in the complaint must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. Stated differently, a complaint must

2

state a factual predicate, and that factual predicate must in some way indicate the defendant's liability. See Fed. R. Civ. P. 8(a) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Beyond that, however, the plaintiff is not required to satisfy the Court that he will be able to overcome all legal hurdles that might stand in his way of recovery. The factual allegations need not be detailed, and the complaint need not spell out exactly how the factual allegations indicate the defendant's liability. See 2 Moore's Federal Practice § 12.34[1][b] (Matthew Bender 3d ed.2009) (Court must "construe a plaintiff's allegation liberally" and "draw[] all reasonable inferences in plaintiff's favor."). *Iqbal* and *Twombly* continue to envision that a claim will be fleshed out in discovery, and they do not command that all the legal issues in a case be resolved at the pleading stage. In short, the complaint must state a claim for relief that is "plausible," not "airtight."

Ultimately, the complaint is not to be measured by whether its factual allegations stand up to the aggressive scrutiny of a skilled lawyer, but by whether it is minimally sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596). To the extent that *Twombly* has caused courts to lose sight of this fact, its effect has been unfortunate, for the danger that one plaintiff will be denied his day in court on a meritorious claim far outweighs the risk of permitting discovery on many cases that will ultimately fail to find factual support. If a party truly feels that it is unable to prepare an answer, the remedy under the federal rules remains with a motion under Rule 12(e) for a more definitive statement, not in slamming the courthouse door in the face of a plaintiff who has been afforded no opportunity to prove his allegations.

Upon review, the Court finds that the Complaint adequately states claims for breach of contract, misappropriation of trade secrets, and deceptive trade practices, and that Plaintiff need not spell out exactly the process he claims to have patented or explain in detail how the Krones process infringes it. The motion to dismiss (Doc. 25) is therefore granted as to Count I of the Complaint and denied as to the remaining claims.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE